IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GAREY BERNARD KINDER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 5:13-cv-259 (MTT) (CHW) |
| | : | |
| Warden SHEILA OUBRE, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Now before the Court is a Motion to Dismiss filed by Respondent, Sheila Oubre. (Doc. 10). Respondent contends that Petitioner's § 2254 habeas petition is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Because Petitioner failed to file his petition within AEDPA's one-year limitations period, and because Petitioner failed to show that he is entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, and that the instant petition be **DISMISSED**.

## BACKGROUND

On May 7, 2002, Petitioner was indicted by a Bibb County grand jury for malice murder and aggravated assault. (Doc. 11-3, p. 1). A jury trial was held during the week of October 6, 2003, resulting in a finding of guilt on both counts, and Petitioner was sentenced to life without parole for the malice murder charge and twenty years of confinement, to run concurrently, on the aggravated assault charge. (*Id.* pp. 1-2). The Georgia Supreme Court affirmed the judgment against Petitioner in an opinion dated July 7, 2008, *see Kinder v. State*, 284 Ga. 148, and the

1

record does not indicate that Petitioner sought further review before the United States Supreme Court. The facts, as described by the Georgia Supreme Court, are as follows:

> Kinder drove up to the home of his estranged long-term girlfriend, accelerated his vehicle and drove over her in the driveway of her home, fracturing her femur. He then exited his car with a revolver in hand and approached the victim who was pinned under the vehicle. Kinder placed the pistol against the victim's head and fired multiple shots. Two bullets entered her skull, causing her death. Kinder returned to his car and drove away. The crimes were witnessed by the couple's children who had just returned home from school, as well as by several bystanders who heard Kinder exclaim to the victim, "I told you I was going to get you."

*Kinder*, 284 Ga. at 149.

Over three years after the Georgia Supreme Court affirmed Petitioner's convictions, on October 31, 2011, Petitioner filed a state habeas corpus petition raising four grounds for relief. (Doc. 11-1). Regarding grounds one through three, Petitioner's ineffective assistance of counsel claims, the state habeas court found that Petitioner had failed to demonstrate that his trial and appellate counsel were ineffective. (Doc. 11-3, pp. 3-7). The state habeas court also found that Petitioner's fourth ground—that the trial court abused its discretion by declining to declare a mistrial—had been "decided adversely to Petitioner . . . on direct appeal," and that the matter could not be re-litigated. (*Id.* p. 7). Accordingly, the state habeas court denied Petitioner relief on July 25, 2012.

Following the denial of his state habeas petition, Petitioner filed an application for a certificate of probable cause to appeal which was denied by the Georgia Supreme Court on April 15, 2013. (Doc. 11-5). Petitioner filed the instant federal habeas corpus petition in this Court on July 19, 2013.

## ANALYSIS

Respondent argues that Petitioner failed to file his federal habeas petition within AEDPA's one-year limitations period, and that the instant petition should therefore be dismissed. Because Petitioner did, indeed, fail to timely file his petition, and because equitable tolling is not warranted, it is recommended that Respondent's Motion to Dismiss be granted.

AEDPA provides, in relevant part:

> a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1).

Direct review in Petitioner's case ended 90 days after July 7, 2008, when the Georgia Supreme Court affirmed Petitioner's conviction. *See, e.g., Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) ("A defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States"). Petitioner's one-year limitations period expired, therefore, in October 2009—well before Petitioner filed his state habeas corpus petition on October 31, 2011. Thus, Petitioner's federal petition is clearly untimely.

Although the doctrine of equitable tolling may allow district courts to review untimely petitions, that doctrine is "typically applied sparingly," and is normally appropriate only where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner failed to respond to Respondent's Motion to Dismiss, despite a Court order to do so, (Doc. 12), and nothing in the record indicates that Petitioner's untimeliness should be excused. Accordingly, equitable tolling is not warranted.

**CONCLUSION**

Because Petitioner failed to file his federal habeas corpus petition within AEDPA's one-year limitations period, and because Petitioner is not entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 10) be **GRANTED**, and that Petitioner's § 2254 petition be **DISMISSED**.

Additionally, Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of March, 2014.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge